**J. Andrew BACHNER et al., Plaintiffs,**

v.

**AIR LINE PILOTS ASSOCIATION, et al., Defendants.**

**No. A85–567–Civ.**

United States District Court,
D. Alaska.

Jan. 13, 1987.

---

John H. Bradbury, Bradbury, Bliss & Riordan, Inc., Anchorage, Alaska, for plaintiffs.

Earl M. Sutherland, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for defendant Cohen, Weiss & Simon.

William Jermain, Jermain, Dunnagan & Owens, Anchorage, Alaska, for defendant Air Line Pilots Assn.

### RECONSIDERATION OF MAGISTRATE'S DECISION—MOTION TO COMPEL

KLEINFELD, District Judge.

A group of pilots employed by Wien Airlines before its bankruptcy have brought this action against their union and its attorneys for alleged breach of the union's duty fairly to represent them and as to the lawyers, professional malpractice and breach of duty of agent to principal. Plaintiffs propounded interrogatories, requests for admission, and requests to produce under Federal Rules of Civil Procedure 33, 34 and 36 to Cohen, Weiss & Simon, the defendant law firm, which were objected to on grounds of attorney-client privilege and attorney work product. Plaintiffs' motion to compel was referred by this court, per Hon. James M. Fitzgerald, to the magistrate for determination. The magistrate, after *in camera* examination of the documents, granted the motion to compel. A hearing was held on the objections before Hon. James M. Fitzgerald. After submission for decision, Judge Fitzgerald disqualified himself. The case was assigned to another judge, and then to the undersigned.

Defendant has "appealed" the magistrate's order. A district judge "may reconsider any pretrial matter [referred to the magistrate for decision] where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Although phrased as an appeal, defendant's pleadings may more properly be read as objections to the magistrate's order, which may be modified or set aside if "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). The appeal is therefor treated as a motion for reconsideration of the magistrate's decision and order. This decision herein goes only to the motion to compel in the present procedural and factual context; it does not establish as law of the case for substantive purposes whether Cohen, Weiss & Simon formed an attorney-client relationship with individuals in the Bachner group.

The magistrate's decision explains that during the Wien bankruptcy proceedings, a dispute arose between backers of two reorganization plans. ALPA, the union, worked out a compromise in which it supported the debtor's plan. A group of pilots, through their corporation called WA Holdings, Inc., proposed an alternative plan which was not adopted. This lawsuit is an attack by persons in the WA Holdings group against the quality of representation afforded to them by ALPA and by Cohen, Weiss & Simon, the ALPA attorneys.

The materials plaintiffs seek, and Cohen, Weiss & Simon refuse to disclose, are listed and described in the response to discovery attached as Exhibit 1 to plaintiff's motion to compel. They include several letters and memoranda between Cohen, Weiss &

Simon and ALPA, and also internal notes, drafts, and memoranda of the Cohen, Weiss & Simon firm. ALPA joined in Cohen, Weiss & Simon's position, and asserted the attorney client privilege on its own behalf. Cohen, Weiss & Simon denies that it was "acting in an attorney-client relationship" with the individual ALPA members, and states that it "functioned as attorneys for ALPA which in turn represented the Wien pilots." Ex. 1, at p. 4. The plaintiffs claim that Cohen, Weiss & Simon represented them individually as lawyers. Their position is that for this reason, the work product doctrine and the attorney client privilege do not apply.

The magistrate's decision says, regarding work product:

> I determine that the work product doctrine applies to CW & S's "work product" in the prior related bankruptcy proceedings. Upon review of the documents *in camera,* I determine that the materials sought are "documents and tangible things" which were "prepared in anticipation of litigation or for trial" and "by or for another party or by or for that other party's representative." Thus the documents identified on defendant's list as covered by the work product rule come within the qualified immunity from discovery created by Federal Civil Rule 26(b)(3).

Having so found, however, the magistrate nevertheless required production under the provision of Fed.R.Civ.P. 26(b)(3) for production "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." The magistrate explained his reasoning as follows:

> Since the bankruptcy proceedings involving Wien Air Alaska have not been finalized, the court must consider whether the policy favoring disclosure outweigh's the client's (ALPA's) legitimate interest in secrecy. Having done this, I determine that disclosure of the documents sought to be protected by the work product doc-

trine will not unduly traumatize ALPA's interest in light of the alleged underlying misconduct attributed to ALPA and its attorneys and the stage of the bankruptcy proceedings.

> Where an attorney's conduct comes into question, the attorney's files or papers are not merely a record of some other evidence, but instead are facts at issue in the case. This situation may arise when the attorney is charged with participating in a pending fraud or tort.

> With respect to the documents for which the work product exception is asserted, I find that the plaintiffs have made a substantial showing of need of the materials in preparation of their case and that they are unable without undue hardship to obtain the substantial equivalent of the materials by other means.

With regard to the attorney client privilege, the magistrate decided as follows:

> In the instant case for the purpose of engaging in discovery, plaintiffs have made a *prima facie* showing on their motion to compel that CW & S conceivably may have engaged in conduct tending to establish an attorney-client relationship between their law firm and the plaintiffs, individual pilots and/or engaged in professional misconduct. This showing is sufficient to overcome the attorney-client privilege....

> An exception to the privilege is required by considerations of fairness and policy when the communications arise out of dealings between the attorney and client relating to charges of professional conduct or fiduciary duty. Having conducted an *in camera* review of those documents for which the defendants assert an attorney-client privilege, I determine that the privilege does not apply to those documents for the foregoing reasons.

The magistrate's decision is "contrary to law." The test applied by the magistrate to attorney work product balances "policy

favoring disclosure" against whether the client's interest in continuing litigation will be "unduly traumatize[d]." This test is not supported by established doctrine. The minimal showing required by the magistrate to find a joint attorney-client relationship between the union and its members and the law firm hired by the union is inconsistent with the doctrine applied in this circuit under *Peterson v. Kennedy,* 771 F.2d 1244 (9th Cir.1985), cert. denied, —— U.S. ——, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986).

No fraud is pleaded against Cohen, Weiss & Simon. The issue is whether this was a joint representation situation of the type where either client is entitled to access to the attorney's file. Obviously if A is B's attorney at law, B's adversary C ordinarily cannot be allowed to examine the communications between A and B, because of the attorney client privilege, nor can he examine A's internal notes and memoranda, because of the work product doctrine. It is undisputed that Cohen, Weiss & Simon have been ALPA's attorneys throughout the Wien bankruptcy and this litigation. The plaintiffs are in an adversary relationship to ALPA.

Rule 26(b)(3) contains an exception to the work product rule, requiring a showing of "substantial need" and "undue hardship." This exception is most commonly applied to such items as witness statements. Rule 26(b)(3) requires that when ordering discovery of work product, "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." This requirement would ordinarily protect against just such discovery as the magistrate ordered. The magistrate's decision does not protect against disclosure of Cohen, Weiss & Simon's "mental impressions, conclusions, opinions, or legal theories."

The Bachner group would have the court grant it access to the attorneys' materials on the ground that they too were clients of Cohen, Weiss & Simon during the bankruptcy, so the work product was on their behalf, and they were entitled to know the contents of Cohen, Weiss & Simon's communications to their fellow client. Such a theory requires more than a bare assertion as a factual predicate. If it were undisputed that attorney A had never represented C, then C could not, by a baseless averment in a pleading that A had committed malpractice while representing him, obtain access to A's communications with A's real adversary B. The court cannot let C bootstrap himself into the documents by mere unsupported allegations, but must require some substantial showing that A really did function in the disputed matters as C's own attorney.

No adequate showing was made by the Bachner group to entitle it to the order compelling the discovery. The magistrate used this language:

> Plaintiffs have made a *prima facie* showing ... that CW & S conceivably may have engaged in conduct tending to establish an attorney-client relationship between their law firm and the plaintiffs, individual pilots and/or engaged in professional misconduct. This showing is sufficient to overcome the attorney-client privilege

By the words "may have" and "tending," the magistrate avoided finding that, on the record before him, the lawyers had been shown to represent the individuals in the Bachner group. Is a mere tendency or speculative possibility sufficient to avoid the privilege and work product exception? More narrowly, does the evidence before the magistrate establish sufficiently for purposes of his discovery order that Cohen, Weiss & Simon represented the individuals in a context entitling the individuals to the law firm's communications with ALPA? If the magistrate meant to find that Cohen, Weiss & Simon did indeed so represent the individuals in the Bachner group, such a finding would be "clearly erroneous" on the record before him. If the magistrate did not so find, but granted the discovery anyway, his decision was "contrary to law" in this particular factual context.

The magistrate appears not to have relied on the contents of the documents examined by him *in camera* to determine that the firm represented the individuals. The significance of the *in camera* examination was only that it established to the magistrate's satisfaction that disclosure would not unduly prejudice ALPA in the continuing bankruptcy litigation. No testimony was taken.

The undersigned judge has independently examined the documents *in camera.* An index identifies the author and notations are added to identify whether work product or privilege is invoked. The letters between ALPA and its law firm are clearly privileged. The bulk of the material is handwritten notes of telephone calls, messages, conversations, and working notes dealing with the bankruptcy proceedings and union concerns. Most of the material is patently irrelevant to the claims asserted in the complaint. One or two handwritten notations appear possibly to bear on the law firm's relationship to individual pilots, but the court finds that they are of minor significance and not the quality of information which would warrant invasion of the union's attorney-client privilege with Cohen, Weiss & Simon, or the attorney's work product which the union is entitled to have protected.

The Bachner group would date their attorney-client relationship from February 7, 1985, when power of attorney forms were distributed by ALPA to the Wien pilots, to enable Cohen, Weiss & Simon assert their individual claims for unpaid compensation. It follows that no communications between ALPA and Cohen, Weiss & Simon or within Cohen, Weiss & Simon before that date are discoverable by the plaintiffs.

This court must follow *Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir.1985), *cert. denied* —— U.S. ——, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986). *Peterson* was a suit against a union for breach of its duty of representation and against its staff attorneys for malpractice in giving poor advice to the union member. The court applied the National Labor Relations Act, 29 U.S.C. § 185(b), (e), making a union liable for acts of its agents and exonerating the agents from personal liability, as interpreted by *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). It applied the doctrine that a union breaches its "duty of fair representation" only when its conduct is "arbitrary, discriminatory, or in bad faith."

*Peterson* holds that "attorneys who perform services for and on behalf of a union will not be held liable in malpractice to individual grievants where the services the attorneys perform constitute a part of the collective bargaining process." 771 F.2d at 1256. The decision explains that an attorney handling a grievance for the union is not the attorney for the member whose interests he protects in the grievance process, because the union retained him, paid for his services, and is frequently a party. Moreover, the member typically views the attorney as "an arm of his union." Id. at 1258

In the face of a concurring opinion, the majority in *Peterson* insisted on retaining dictum that outside counsel as well as staff counsel are protected by the rules enunciated in the decision. Id. at 1258, fn. 9. The court explains that negligence is enough for a malpractice action against an attorney, but it is not sufficient for an action against a union for breach of its duty of fair representation. Statutes of limitation are usually longer in negligence actions, so leaving the attorney exposed would subvert the purposes of the unfair representation doctrine. Id. at 1259. The court left open the possibility of malpractice actions where the attorney's representation is unrelated to collective bargaining, as when a union-provided attorney draws a will, or litigates a divorce or personal injury case for a member. It also left open situations where union members who have themselves retained counsel to process grievances on their behalf, sue for malpractice, "even though the individual or firm also serves as the union's regular outside counsel and is employed at the union's suggestion." Id. at 1259.

The *Peterson* decision speaks to the issue of whether the attorney could be liable to the member at all. *A fortiori* it there-

fore applies to whether discovery should be permitted to establish such liability. It would be illogical to permit discovery based on a possible malpractice claim, in circumstances where *Peterson* says no substantive relief can be granted.

■ Cohen, Weiss & Simon was acting in the heat of a complex collective bargaining situation. The law firm and the union represented the interests of the union and its members in the Wien bankruptcy, and assertion of the individual claims was part of that process. This motion does not raise the question of whether the union breached its duty of fair representation, so that is not decided herein. What is decided is that the individual claims were part of the collective bargaining process, not matters independent of it such as the wills, divorces, and personal injury suits handled for union members by union prepaid legal services attorneys.

*Peterson* distinguished "malpractice suits by union members who have themselves retained counsel to process grievances on their behalf, even though the individual or firm also serves as the union's regular outside counsel and is employed at the union's suggestion." Id. at 1259. This requires examination of how the relationship was established, and what relationship was established, between the individuals in the Bachner group and Cohen, Weiss & Simon. ALPA filed a proof of claim in the chapter 11 proceeding for the Wien pilots for wages and benefits due under their collective bargaining agreement. (plaintiff's motion to compel, Exs. 4, 5). On February 5, 1985, the union wrote to the pilots that "ALPA outside legal counsel" Cohen, Weiss & Simon recommended individual claims even though the union had filed for the pilots, and "[a]s ALPA counsel, Cohen, Weiss & Simon will represent your individual interests in this case if you so desire." The union told its members, "You are, of course, free to choose your own legal counsel in this matter." (plaintiff's motion to compel, Ex. 6) The procedure set up by the union, for members to have Cohen, Weiss & Simon file claims for them, was to have the members mail proofs of claim directly to the Bankruptcy Court, with copies of the proofs of claim, along with notarized original powers of attorney, to Cohen, Weiss & Simon. The power of attorney said, in material part,

> The undersigned claimant hereby appoints Cohen, Weiss & Simon, New York, New York or their designee as his agent to vote for or against any proposal or resolution that may be submitted; to vote for a Trustee or Trustees of the Estate of the Debtor and for a Committee of Creditors, or to accept satisfaction of its debts, with like powers to attend and vote at any other meeting or meetings of creditors or sitting or sittings of the Court which may be held therein for any of the purposes aforsesaid and further to settle, compromise or otherwise dispose of said claim as they deem just and prudent. (Defendant's opposition to motion to compel, Ex. F)

Cohen, Weiss & Simon wrote to the pilots that the firm "has been retained by ALPA to represent the pilot claims" and gives directions for filling out the proof of claim and power of attorney forms "[i]f you choose to have Cohen, Weiss & Simon file a claim on your behalf ..."

The fact that certain pilots granted the power of attorney affords no support to plaintiffs' claim that they were clients of the Cohen, Weiss & Simon law firm. A power of attorney establishes the relationship of attorney-in-fact, which is an agency relationship different from the relationship of an attorney-at-law. *Aiello v. Clark*, 680 P.2d 1162 (Alaska 1984). The bankruptcy rules distinguish carefully and explicitly between attorneys at law and attorneys in fact, and require forms of powers of attorney such as the one used in the case at bar for representation of a creditor by an attorney in fact performing "any act not constituting the practice of law." Bankruptcy Rule 9010.

It is odd, and indeed somewhat suspicious, that the Cohen, Weiss & Simon firm left out the language in Bankruptcy Official Form 17, "and in general to perform any act not constituting the practice of law." But this curious omission does not

650

by itself, especially considering *Peterson*, suffice to permit the discovery. The Cohen, Weiss & Simon firm may have been attempting to keep open the possibility of acting as attorney at law as well as attorney in fact, and may have done so, but such a possibility of joint representation is not enough to avoid *Peterson*. The attorney-client privilege is lost in a joint representation situation where there is no secrecy between the two clients. 8 Wigmore on Evidence § 2312. But a union would be unable to formulate and carry out its collective bargaining strategy if it could not communicate confidentially to its attorneys; the union would be at the mercy of any dissident member who might "leak" the union's or its lawyers' thoughts and plans.

The communications by the union and by Cohen, Weiss & Simon to the members were not as clear as they should have been on the relationship to be established. But the context in which these communications were made offsets the subjective inference, which two of the plaintiffs purport to have drawn, that they thought the Cohen, Weiss & Simon firm represented them. The members knew that the law firm represented the union. They were not asked to pay the law firm any money as a retainer, nor were they required to agree to any contingent fee. The putative representation does not purport to have been pursuant to any prepaid legal services plan. Nor did the members ever talk to the lawyers about representing them. The lawyers did not even prepare the individual proofs of claim for the members. In these circumstances, despite the ambiguous language used by the union and the law firm when the forms were solicited, and the suspicious deviation from Bankruptcy Official Form 17, a reasonable member would have perceived the lawyers to be acting "as an arm of his union," in the *Peterson* phrase.

If this case were not inextricably entwined with the collective bargaining process, the ambiguities in communications might be construed against the attorneys and thus require production of the documents. This particular case, however, appears to be just the kind of problem envisioned in *Peterson*, where the union's attorneys purportedly act for individual members as part of the collective bargaining process, but must not be treated as lawyers for the members as individuals, because that would subvert the policy of 29 U.S.C. § 185, *Atkinson*, and the doctrine of "fair representation."

IT IS ORDERED that on reconsideration, the Magistrate's order compelling discovery is vacated, and the motion to compel discovery is denied.